**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA,** | ) | |
| *ex rel.* | ) | |
| **LOUIS SCUTELLARO** | ) | |
| **2490 Patterson Avenue, SW** | ) | |
| **Roanoke, Virginia 24016** | ) | **CIVIL ACTION NO. 10-01094 (BAH)** |
| | ) | **JUDGE BERYL A. HOWELL** |
| **BRINGING THIS ACTION ON** | ) | |
| **BEHALF OF THE UNITED STATES** | ) | |
| **OF AMERICA** | ) | |
| **c/o Ronald C. Machen** | ) | **COMPLAINT FOR VIOLATIONS** |
| **United States Attorney** | ) | **OF FEDERAL FALSE CLAIMS ACT** |
| **District of Columbia** | ) | **(31 U.S.C. §§3729 - 3733)** |
| **555 4th Street, NW** | ) | |
| **Washington, DC 20530** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| **and** | ) | |
| | ) | |
| **c/o Eric H. Holder, Jr., Esquire** | ) | |
| **Attorney General of the United States** | ) | |
| **Department of Justice** | ) | |
| **10th & Constitution Avenue, N. W.** | ) | |
| **Washington, D. C. 20530** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CAPITOL SUPPLY, INC.** | ) | |
| **1000 Sawgrass Corporate Parkway** | ) | |
| **Sunrise, Florida  33323** | ) | |
| **Defendant** | ) | |

**FIRST AMENDED COMPLAINT**

1.      This is an action to recover damages and civil penalties on behalf of the United States of America arising from the false claims and statements made by Capitol Supply, Inc., (hereinafter Defendant), in violation of the Federal False Claims Act, 31 U.S.C. §3729 *et. seq.*, as amended.

1

2.     The False Claims Act (hereinafter the Act), originally enacted in 1863 during the Civil War, was substantially amended by the False Claims Amendments Act of 1986, signed into law on October 17, 1986; and by the Fraud Enforcement and Recovery Act of 2009, signed into law on May 20, 2009. Congress' intent was to enhance the Government's ability to recover losses sustained as a result of fraud against the United States and to provide a private cause of action for the protection of employees and others who act in furtherance of the purposes of the Act. Congress acted after finding that fraud in federal programs and procurement is pervasive and that the Act, which Congress characterized as the primary tool for combating fraud in government contracting, was in need of modernization.

3.     The Act provides for any person who knowingly submits a false or fraudulent claim to the Government for payment or approval is liable for a civil penalty of up to $10,000 for each such claim, plus three times the amount of the damages sustained by the Government, including attorneys' fees, expenses and costs. The Act allows any person having information regarding a false or fraudulent claim against the Government to bring a private cause of action for himself and on behalf of the Government and to share in any recovery. The complaint is to be filed under seal for sixty days (without service on the Defendant during such sixty-day period) to enable the Government (a) to conduct its own investigation without the Defendant's knowledge, and (b) to determine whether to join the action.

4.     Based on these provisions, Plaintiff/Relator, Louis Scutellaro, seeks to recover damages and civil penalties arising from Defendant's presentation of false claims to the United States Government in connection with the selling of non-compliant products to the United States Government.

5.     Plaintiff Scutellaro has direct knowledge that Defendant has violated the False

2

Claims Act because it is selling products to the United States Government that did not originate in designated countries under the Trade Agreements Act, and therefore are presenting false claims to the United States Government for payment, and/or because they are not correctly identifying the country of origin of products offered for sale to the United States Government.

**PARTIES**

6.      Plaintiff Scutellaro is a resident of Roanoke, Virginia. At all times relevant herein, he was the owner of Mario Industries and has manufactured lighting products in Roanoke, Virginia since 1988. All of Mario Industries products sold to the United States Government are made in the United States and these products are sold, among other customers, to federal agencies. In this capacity, Louis Scutellaro gained direct knowledge of the allegations contained in this Complaint.

7.      Defendant Capitol Supply, Inc., is a corporation with headquarters in Sunrise, Florida that sells products to government and non-government customers. At all times relevant herein, Defendant sold products to the United States Government under a General Services Administration (GSA) Multiple Awards Schedule and lists products for sale on the GSA Advantage Website and, as such, has agreed to comply with the Trade Agreements Act, the Buy America Act and the American Recovery and Reinvestment Act, that prohibit the sale of goods to the United States that originate in non-designated countries, and/or the Defendant has agreed to specifically and correctly identify the country of origin of all products offered for sale to the United States Government.   From 2004 through 2010, Capitol Supply, Inc., maintained numerous GSA Contracts selling goods and services to the United States Government under Schedules 23V; 51V; 56; 70; 71 I; 71 II; 71 II H; 71 II K; 72 II; 73; 75; and, 78.  Under these contracts, Capitol Supply, Inc., earned $28,013,169.00 in Fiscal Year 2004; $23,710,802.00 in

14497/2/3318698v2

Fiscal Year 2005; $23,769,619.00 in Fiscal Year 2006; $26,042,464.00 in Fiscal Year 2007;

$15,949,093.00 in Fiscal Year 2008; $25,417,389.00 in Fiscal Year 2009; and, $12,198,195.00

from October 2009 through March 2010.

## BACKGROUND RESPECTING VIOLATIONS
## OF THE TRADE AGREEMENTS ACT

8.      Plaintiff Scutellaro is the owner of Mario Industries, 2490 Patterson Avenue SW,

Roanoke, Virginia. In this capacity he sells lighting products to federal agencies under a General

Services Administration (GSA) Multiple Awards Schedule and lists lighting products for sale on

the GSA Advantage Website. All of the lighting products sold by Plaintiff Scutellaro to the

United States Government are manufactured in the United States.

9.      Since Plaintiff Scutellaro sells products through the GSA Advantage Website he

regularly receives and reviews a product list prepared by Defendant Capitol Supply, Inc., that

indicates the country of origin of all products Capitol Supply, Inc., offered for sale to the United

States.

10.      In early July 2009, Plaintiff Scutellaro lost lighting products bids to the Air Force

and the Environmental Protection Agency to other vendors who falsely listed that Grandrich

Corporation lighting products were manufactured in the United States.  From many years of

experience in the lighting business, Plaintiff Scutellaro knew that Grandrich Corporation lighting

products were manufactured in China.  Plaintiff Scutellaro also obtained manifest records

showing since at least October 11, 2006, that large quantities of Grandrich lighting products were

being shipped from China to the United States on the average of once a week.  Plaintiff

Scutellaro purchased several Grandrich lighting products that were listed on the GSA Advantage

website as being made in the United States, but bore the insignia "Made in China."  Also,

Grandrich Corporation does not possess a United Laboratory (UL) registration for production in

14497/2/3318698v2

the United States, which is almost a conclusive indicator its products are not manufactured in the United States.  Representatives of both federal agencies admitted the Grandrich lighting products were not manufactured in the United States.

11.     In part because of Plaintiff Scuttellaro's competitive disadvantage with the cheap shoddily made Chinese products that resulted in the loss of government contracts, Plaintiff Scutellaro was forced to lay off 5 employees and place 11 employees of a four day work week.

12.     From his experience in losing federal contracts to vendors who falsely claimed their products were manufactured in the United States when they were in fact made in China, Plaintiff Scutellaro began investigating other vendors that made such false claims.  Plaintiff Scutellaro discovered that Defendant Capitol Supply, Inc., made such false claims on the GSA Advantage Website.

13.     Under GSA procurement policies, vendors must specifically list all products for sale and their countries of origin before the products can be approved for sale on the website. Any product from a non-designated country cannot be listed on the GSA Advantage website. *See* Exhibit 1.  China is a non-designated country.

14.     Defendant Capitol Supply, Inc., knowingly made false statements and representations to the United States Government by virtue of listing products for sale on the GSA Advantage Website that were not in fact from designated countries, and therefore in violation of the Trade Agreements Act, the Buy America Act and the American Recovery and Reinvestment Act.

15.     Defendant Capitol Supply, Inc., knowingly made false statements and representations to the United States Government on federal agency contract bids by virtue of listing products that were not in fact from designated countries, and therefore in violation of the

14497/2/3318698v2

Trade Agreements Act, the Buy America Act and the American Recovery and Reinvestment Act.

16.     On or about March 13, 2010, Plaintiff Scutellaro took screen shots from the GSA Advantage Website in which Capitol Supply, Inc., falsely claimed that Fellowes Manufacturing Company's paper shredders were made in the United States, whereas, in truth and fact, they were manufactured in China.

17.     On or about February 22, 2010, a representative of Fellowes Manufacturing Company confirmed in an email to Plaintiff Scutellaro that, with two exceptions, all Fellowes paper shredders are manufactured in a Fellowes owned and operated plant in China. *See* Exhibit 2.  Only Fellowes paper shredder Items HS400 and HS800 are manufactured in Germany. *Id*.

18.     Plaintiff Scutellaro also obtained manifest records showing since at least since January 1, 2005, large quantities of Fellowes paper shredders were being shipped from China to the United States. *See* Exhibit 3.

19.     The following is a representative sample of the false claims made by Defendant Capitol Supply, Inc., on the GSA Advantage Website that Fellowes Manufacturing Company paper shredder products were manufactured in the United States:

> a.     Defendant Capitol Supply, Inc., listed a Fellowes 3240004, Powershred P-45C Cross Cut Shredder, Manufacturer's and Vendor's Part Number CS240831-DG4TG, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 4.
>
> b.     Defendant Capitol Supply, Inc., listed a Fellowes 3216701, Powershred PS-67CS Cross Cut Shredder, Manufacturer's and Vendor's Part Number CS361998-FNLS53, for sale on the GSA Advantage Website and falsely listed

the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 5.

c.       Defendant Capitol Supply, Inc., listed a Fellowes 3011001, Powershred DS-1 Cross Cut Shredder, Manufacturer's and Vendor's Part Number CS339532-F1WV9N, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 6.

d.       Defendant Capitol Supply, Inc., listed a Fellowes 3219001 Powershred SB-80 Paper/CD Strip Cut Shredder, Manufacturer's and Vendor's Part Number CS9897022-FRRMRN, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 7.

e.       Defendant Capitol Supply, Inc., listed a Fellowes 3246001 Microshred MS-460CS Shredder, Manufacturer's and Vendor's Part Number CS2053855-CM7VG4, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 8.

f.       Defendant Capitol Supply, Inc., listed a Fellowes 3250005 Powershred P-40 Personal Strip Cut Shredder, Manufacturer's and Vendor's Part Number CS238868-FNTJ8P, for sale on the GSA Advantage Website and falsely listed the product's country of origin as being the "United States of America" when in fact it was Made in China. *See* Exhibit 9.

20.     Capitol Supply, Inc., and other vendors falsely market numerous other products

7

14497/2/3318698v2

on the GSA Advantage Website as being manufactured in the United States when they are not, including, but not limited to: light bulbs (incandescent, fluorescent, halogen, sodium, etc.), light fixtures (indoor and outdoor), thermostats, televisions, computer monitors, computer back up power supplies, electric heaters, exhaust fans, batteries, ballasts for fluorescent fixtures, vacuum cleaners, clocks and timers. Most, if not all, of the products are made in China or Mexico. For a representative sample of some of these products falsely marketed by Capitol Supply, Inc., *see* Exhibit 10.

21.    As a result of this deception by Defendant Capitol Supply, Inc., and other vendors, it is without any doubt that law abiding vendors like Plaintiff Scutellaro lost contract bids with federal agencies and sales on the GSA Advantage Website because their durable American made goods could not compete in price with the shoddy, poorly constructed Chinese products masquerading as United States manufactured products.

22.    By virtue of the number of products identified in the above referenced Exhibits that were illegally listed for sale by Defendant Capitol Supply, Inc., and the volume of annual GSA sales conducted by Defendant Capitol Supply, Inc., from approximately 2003 until present, it is highly probable that federal contracting officers relied upon the Defendant's material and false misrepresentation about the country of origin of these products and purchased these products in violation of the Trade Agreements Act, FAR 25.4, the Buy America Act, the American Recovery and Reinvestment Act and GSA procurement policies.  Examples of transactions in which Capitol Supply knowingly and illegally sold products to the United States Government that did not originate in designated countries in violation of the Trade Agreements Act, its GSA FSS Schedule Contract, and the False Claims Act are detailed and listed on Exhibit 11 (Fellowes Products), Exhibit 12 (HP Products), and Exhibit 13 (Cisco Products) which are

14497/2/3318698v2

hereby incorporated by reference.

23.     By virtue of the above, it is clear that Defendant Capitol Supply, Inc., knowingly made false statements to the United States Government that are in violation of the False Claims Act. Further auditing and analysis will uncover more products and more false statements – including False Claims Act violations relating to both shredder and non-shredder products.

## COUNT I
### *(Trade Agreements Act Violations)*
### *(False Claims Act 31 U.S.C. §3729 et. seq.)*

24.     Plaintiff Scutellaro alleges and incorporates by reference the allegations made in paragraphs 1 through 20 of this Complaint.

25.     This is a claim for treble damages and forfeiture under the False Claims Act, 31 U.S.C. §§3729-32.

26.     By virtue of the acts described above, the Defendant Capitol Supply, Inc., knowingly submitted, caused to be submitted and continue to submit and to cause to be submitted false or fraudulent claims for payment and reimbursement by the United States Government by knowingly, in deliberate ignorance or in reckless disregard of the truth, made false statements about the country of origin of products offered for sale to the United States Government that did not originate in the United States or a designated country as defined by the Trade Agreements Act, the Buy America Act and/or the American Recovery and Reinvestment Act.

27.     By virtue of the acts described above, the Defendant knowingly made, used or caused to be made or used, and continue to make or use or cause to be made or used, false statements to obtain Federal Government payment for false or fraudulent claims because the Defendant falsely certified that all products that they sold and offered for sale to the United

14497/2/3318698v2

States Government originated in the United States or designated countries as defined by the Trade Agreements Act, the Buy America Act and/or the American Recovery and Reinvestment Act, or the Defendant certified that it truthfully and honestly provided accurate information to the United States Government regarding the country of origin of products that they were offering for sale to the Government, when, in fact, the Defendant knowingly provided false and misleading information. These were material misstatements that violated the Trade Agreements Act, the Buy America Act, the American Recovery and Reinvestment Act and/or frustrated the efforts of the United States Government to achieve its goals and policies under the Trade Agreements Act, the Buy America Act and/or the American Recovery and Reinvestment Act.

28.     The United States, unaware of the falsity of the records, statements and/or claims made by the Defendants and in reliance on the accuracy thereof, paid for aforementioned false claims because the Defendant intentionally, with deliberate ignorance for the truth or with reckless disregard for the truth sold products to the Government that did not originate in the United States or a designated country.

29.     By virtue of the acts described above, the Defendants defrauded the United States.

30.     As set forth in the preceding paragraphs, Defendant violated 31 U.S.C. §3729 et. seq. and have thereby damaged and continues to damage the United States Government by their actions in an amount to be determined at trial.

## PRAYER

WHEREFORE, Plaintiff/Relator Scutellaro prays for judgment against Defendant Capitol Supply, Inc., as follows:

31.     That Defendant cease and desist from violating 31 U.S.C. §3729 *et. seq.*

32.     That this Court enter judgment against the Defendant in an amount equal to three

14497/2/3318698v2

times the amount of damages the United States Government has sustained because of

Defendant's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for

each violation of 31 U.S.C. §3729 *et. seq.*;

33.     That Plaintiff/Relator be awarded the maximum amount allowed pursuant to

§3729(d) of the False Claims Act;

34.     That Plaintiff/Relator be awarded all costs and expenses of this action, including

attorney's fees; and

35.     That Plaintiff/Relator recover such other relief as the Court deems just and proper.

Respectfully submitted,

Counsel for Plaintiff/Relator Louis Scutellaro

MCKNIGHT & KENNEDY, LLC

By:     _/s/_____
          H. Vincent McKnight
          D.C. Bar #293811
          8601 Georgia Avenue
          Suite 1010
          Silver Spring, MD 20910
              (301) 565-5281

GENTRY LOCKE RAKES & MOORE LLP

By:     _/s/_____
          Matthew W. Broughton, Esq.
          Virginia State Bar #25226
          Sun Trust Plaza
          10 Franklin Road, SE
          P.O. Box 40013
          Roanoke, Virginia 24022
              (540) 983-9300

          _/s/_____
          Thomas J. Bondurant, Jr., Esq.
          Virginia State Bar #18894

11

14497/2/3318698v2

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing First Amended Complaint was sent by electronic filing, this 27th day of February, 2013, to:

Ronald C. Machen, Jr.
United States Attorney
District of Columbia
555 4th Street, NW
Washington, DC 20530

Darrell Valdez
Assistant U.S. Attorney General
District of Columbia
555  4th Street, NW, Civil Division
Washington, DC 20530

Holly A. Roth
Manatt, Phelps & Phillips, LLP
700 – 12th Street, NW, Suite 1100
Washington, DC 20005


_____/s/_____
H. Vincent McKnight, Jr., Esq.

12

14497/2/3318698v2