## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex. rel.* Louis Scutellaro, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 10-cv-1094 (BAH) |
| CAPITOL SUPPLY, INC. | ) ) | |
| Defendant. | ) ) | |

## UNITED STATES AMENDED COMPLAINT IN PARTIAL INTERVENTION

Comes now the Plaintiff United States of America, by and through undersigned counsel, and pursuant to the Minute Order of this Court dated April 1, 2013, respectfully files this Amended Complaint and states as follows:

1.    The Government brings this Complaint In Partial Intervention seeking treble damages and civil penalties against Defendant under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and seeking damages under the common law claims of payment under mistake of fact and unjust enrichment, in that Capitol Supply, Inc. (Capitol Supply), knowingly certified, and the government paid a claim for, payment or approval that was based on a false certification as to the country of origin.

2.    Relator Louis Scutellaro originally filed this action on behalf of Plaintiff United States, pursuant to the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b)(1).  The United States files this Complaint in Partial Intervention pursuant to 31 U.S.C. § 3730(b)(4)(A).

## JURISDICTION AND VENUE

3.       This Court has subject matter jurisdiction over this action pursuant to 31 U.S.C. §§ 3730 and 3732, and 28 U.S.C. §§ 1331 and 1345.

4.       This Court has personal jurisdiction over Defendant, pursuant to 31 U.S.C. § 3732(a) because Defendant transacts business in this District.

5.       Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) and (b), under 28 U.S.C. §§ 1391(b) and (c), and 1395(a), and because acts proscribed by 31 U.S.C. § 3729, which are complained of herein, occurred within this District.

## PARTIES

6.       Plaintiff is the United States of America.

7.       Relator Louis Scutellaro is a resident of Roanoke, Virginia.  At all times relevant herein, Mr. Scutellaro was the owner of Mario Industries, which manufactures lighting products in Roanoke, Virginia, since 1988.  Mario Industries sells products to the United States Government and its federal agencies.

8.       Defendant Capitol Supply is a corporation with headquarters in Sunrise, Florida, that sells products to government and non-government customers.  At all times relevant herein, Defendant sold products to the United States Government and its agencies under various General Services Administration (GSA) Multiple Award Schedule contracts, including, but not limited to, Multiple Award Schedule Contract No. GS-02F-0100N.

## FACTUAL ALLEGATIONS

9.       The GSA was created pursuant to the Federal Property and Administrative Services Act of 1949 to consolidate agency service activities, including purchasing supplies and

equipment for Federal agencies.  As part of its duties, the GSA enters into Multiple Award Schedules (Federal supply contracts) with various private contractors or vendors.  In these Multiple Award Schedules, vendors' products are identified, priced and offered for sale through GSA catalogues and websites.  Federal agencies then purchase their supplies and equipment from the GSA contractors using those catalogues and websites.

10.     Pursuant to the GSA Multiple Award Schedules and the Federal Acquisition Regulations (FAR), vendors, including Capitol Supply, agree to comply and certify compliance with the Trade Agreements Act, the Buy American Act, and the American Recovery and Reinvestment Act (prohibiting the sale to the United States or its agencies of goods that originate in countries identified as "non-designated"), and further agree to specifically and correctly identify the country of origin of all products offered for sale to the United States Government, to ensure compliance with the statutes.

11.     Capitol Supply falsely certified to the GSA and to Government customers that products it offered for sale through the GSA originated in the United States or in designated countries, when they did not.  From January 2004 to the present, Capitol Supply, Inc., falsely certified to the GSA that Fellowes Manufacturing Company's paper shredders sold through GSA were made in the United States or other designated countries, whereas, in truth, they were manufactured in China, a "non-designated" country.

12.     As a result of its false certifications, Capitol Supply sold Fellowes document shredders to the United States that violated the Trade Agreements Act, the Buy American Act, and/or the American Recovery and Reinvestment Act.

13.     Non-compliant sales by Capitol Supply of Chinese-made Fellowes Manufacturing Company paper shredders to the United States through the GSA (totaling approximately $408,930.04) are attached as Exhibit A.  Because Capitol Supply failed to fully comply with a subpoena issued by the GSA Office of the Inspector General, the United States believes that additional sales of non-compliant, Chinese-made Fellowes shredders to the United States will be uncovered during discovery.

14.     Although the United States' intervention in this matter is limited only to the Fellowes document shredders, the United States did serve upon Capitol Supply a subpoena issued by the GSA Office of the Inspector General seeking sales data and country of origin of other office products sold by Capitol Supply through the GSA.  Capitol Supply failed to comply with the subpoena, and accordingly, the United States has taken no position whether Capitol Supply made other false certifications with respect to compliance of other office products sold. The United States reserves the right to amend the Complaint in Intervention once full compliance with the subpoena is obtained.

## FIRST COUNT
*(False Certification)*
*(False Claims Act 31 U.S.C. § 3729 et. seq.)*

15.     Plaintiff alleges and incorporates by reference the allegations made in the preceding paragraphs of this Complaint.

16.     By virtue of the acts set forth above, Defendant knowingly, or with reckless disregard or deliberate indifference of the truth caused to be presented, false or fraudulent certifications to the United States, in violation of 31 U.S.C. § 3729(a)(1); that the false

4

certifications caused the false or fraudulent claims to be approved and paid by the United States; and that the United States incurred damages in an amount to be determined at trial.

## SECOND COUNT
*(False Claims)*
*(False Claims Act 31 U.S.C. § 3729 et. seq.)*

17.     Plaintiff alleges and incorporates by reference the allegations made in the preceding paragraphs as if set forth fully herein.

18.     By virtue of the acts described above, Defendant Capitol Supply knowingly, or with reckless disregard or deliberative indifference of the truth presented, or caused to be presented, false or fraudulent claims to the United States for payment, in violation of 31 U.S.C. § 3729(a)(1); that Defendant caused the false or fraudulent claims to be approved and paid by the United States, in violation of 31 U.S.C. § 3729(a)(1); and that the United States incurred damages in an amount to be determined at trial.

## THIRD COUNT
*(Unjust Enrichment)*

19.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

20.     The United States paid to the Defendant costs which were not recoverable under the terms of the contract and the FAR, by which the Defendant was unjustly enriched.

21.     The United States is entitled to the return of all overpayments paid to Defendant.

22.     By reason of the above-described payments, the Defendant received money, directly or indirectly, to which it was not entitled. It therefore has been unjustly enriched in an amount to be established at trial.

## FOURTH COUNT
*(Payments Made in Mistake of Fact)*

23.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

24.     The United States paid to the Defendant funds under the mistake of fact caused by Defendant's false certifications and claims that the Fellowes Manufacturing Company's paper shredders were made in the United States or in a compliant country of origin, and the funds paid were not recoverable under the terms of the contract and the FAR.

25.     The United States is entitled to the return of all funds paid to Defendant.

26.     By reason of the above-described payments, the Defendant received money, directly or indirectly, that was paid pursuant to a mistake of fact and to which Defendant was not entitled, and the United States was therefore damaged in an amount to be established at trial.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant Capitol Supply, Inc., as follows:

27.     That this Court enter judgment against the Defendant in an amount equal to three times the amount of damages the United States Government has sustained because of Defendant's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of 31 U.S.C. § 3729 *et. seq.*;

28.     That Plaintiff/Relator be awarded the maximum amount allowed pursuant to § 3729(d) of the False Claims Act;

29.     That Plaintiff/Relator be awarded all costs and expenses of this action, including attorney's fees; and;

6

30.    That Plaintiff/Relator recover such other relief as the Court deems just and proper.

Respectfully submitted,

STEWART F. DELERY
Principal Deputy Assistant Attorney General

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney

DANIEL F. VANHORN, D.C. Bar # 924092
Chief, Civil Division

DARRELL C. VALDEZ, D.C. Bar # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843