IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *ex. rel.* Louis Scutellaro,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITOL SUPPLY, INC.,<br><br>    Defendant. | Civil Action No. 10cv1094 (BAH) |

## NOTICE OF THE UNITED STATES OF ITS OPPOSITION TO DISMISSAL ON THE BASIS OF THE PUBLIC DISCLOSURE BAR

Pursuant to the False Claims Act, 31 U.S.C. § 3730(e)(4)(A), the United States notifies the Court that it is exercising its right to object to the dismissal of Relator Louis Scutellaro's First Amended Complaint on the basis of the Public Disclosure Bar.

This matter initially arose on June 29, 2010, when Relator filed a *quit tam* complaint alleging that Capitol Supply falsely marketed its office products, including paper shredders, for sale on the GSA Advantage website as being made in the United States, when in reality some of the products were made in China.  ECF No. 1.  Pursuant to the False Claims Act, the United States began an investigation into the allegations of the *qui tam* Complaint and the GSA Office of Inspector General (GSA OIG) served subpoenas on Capitol Supply to obtain documents pertinent to the sales of products by Capitol Supply through schedule contracts with the GSA. Petition for Enforcement (13mc373) at Exhibits A and C (ECF Nos. 1-2 and 1-4).  Capitol Supply's failure to cooperate with the subpoenas caused the United States to file a Petition to enforce the subpoena, and on March 19, 2014, this Court ordered Capitol Supply to properly and fully respond to the subpoena.  13mc373 at ECF Nos. 1 and 16-17.  Despite the Court's specific

instructions in its Order enforcing the subpoena, Capitol Supply failed to comply, and the Court held Capitol Supply in civil contempt on August 6, 2014. 13mc373 at ECF No. 27. Capitol Supply's uncooperative conduct severely interfered with and substantially delayed the United States' investigation to the extent that the United States was unable to intervene on the entire *qui tam* complaint, but only had sufficient information to intervene on the Relator's allegations regarding the sale of document shredders manufactured by Fellowes, Inc. *See* ECF No. 31 (United States Complaint in Partial Intervention) at ¶ 14.

On March 25, 2016, Defendant Capitol Supply, Inc., filed a Motion for Summary Judgment with respect to the Relator's First Amended Complaint. ECF No. 92. In its Motion, Defendant asserts that the relator's First Amended Complaint must be dismissed because this Court has no subject matter jurisdiction under the Public Disclosure Bar.

The FCA states in pertinent part:

> The court shall dismiss an action or claim under this section, *unless opposed by the Government,* if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed-- (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party; (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or (iii) from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A) (emphasis added).[1] In sum, the statute provides that, if the United States objects, the Court may not dismiss the action on the ground of public disclosure.

---

[1] The public disclosure bar of the FCA was amended on March 23, 2010. Because the instant action was filed on June 29, 2010, the amended version of the public disclosure bar applies. *See United States of America, ex rel. Sanchez, v. Abuabara*, No.: 10-61673, 2012 U.S. Dist. LEXIS 76969 *3-*4 and n.1 (S.D. Fla. Jun. 4, 2012) ("Since the suit in this case was filed many months after the Act was signed into law, this Court will apply the amended language").

The United States hereby notifies that Court that it is exercising its right to object to the dismissal of the action on this ground. Accordingly, Defendant Capitol Supply's Motion for Summary Judgment on the ground of public disclosure bar should be denied.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar # 415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

DARRELL C. VALDEZ, D.C. Bar # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 252-2507