# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| UNITED STATES OF AMERICA, <br> *ex. rel.* Louis Scutellaro, <br><br> Plaintiff, <br><br> v. <br><br> CAPITOL SUPPLY, INC., <br><br> Defendant. |

Civil Action No. 10-1094 (BAH)

Chief Judge Beryl A. Howell

## MEMORANDUM AND ORDER

Pending before the Court is Relator Louis Scuttellaro's Motion *in limine* to Exclude References to False Claims Act Remedies, ECF No. 148, at the trial, scheduled to begin on October 2, 2017, against the defendant, Capitol Supply**,** Inc. for violations of the of the of the False Claims Act ("FCA"), 31 U.S.C. § 3730(b)(1), based on allegations that the defendant falsely certified the products it sold to federal agencies were manufactured in compliance with the Trade Agreements Act ("TAA"), 19 U.S.C. §§ 2501 et seq., and Buy American Act ("BAA"), 41 U.S.C. §§ 8301 *et seq*. For the reasons stated below, the Relator's motion is GRANTED.

Relator moves to exclude during the trial "any direct or indirect reference, evidence, questioning, or argument, including by innuendo or otherwise: (1) that damages are trebled under the [False Claims Act ("FCA")]; (2) that statutory civil penalties are assessed for each violation of the FCA, and (3) that, if successful, Relator may be awarded a percentage of the United States' recovery in this action, as well as his expenses, attorneys' fees, and costs under the FCA." Rel.'s Mot. *In Limine* to Exclude Refs. to FCA Remedies ("Rel.'s Mot."), at 1, ECF No. 148. Relator argues the FCA's remedies are irrelevant to the issues to be tried and must be excluded under Rules 401 and 402 of the Federal Rules of Evidence. *Id.* at 2. Further, Relator avers that

under Rule 403, references to remedies must also be excluded because any such references would be "more prejudicial than probative and would only serve to confuse and prejudice the jury, while potentially causing the jury inappropriately to adjust its determinations downward." *Id.*

The defendant's response is twofold. First, the defendant contends that the bias of a witness is always at issue, and since Relator has a personal financial interest in the outcome of the case, the jury should be entitled to be aware of that interest when evaluating credibility. Def.'s Opp'n Rel.'s Mot., at 2, ECF No. 154. Second, the defendant contends that the risk of jury confusion can be avoided by appropriately instructing the jury. *Id.* at 3–4. Neither argument has merit.

First, Relator makes clear that he has no intention of testifying at trial. *See* Reply Supp. Rel.'s Mot., at 3, ECF No. 159. Since Relator is not testifying, the credibility of the Relator as a witness is simply not at issue.

Second, "the jury's job in this case will be to determine the number of violations and fix the amount of actual damages, if any." *United States ex rel. Miller v. Bill Harbert Intern. Const., Inc. ("Miller")*, Civ. No. 95-1231 (RCL), 2007 WL 851868 (D.D.C. Mar. 14, 2007); *see also United States ex rel. Laymon v. Bombardier Transp. (Holdings) USA, Inc.*, 656 F. Supp. 2d 540, 547 (W.D. Pa. 2009) ("The jury's role in this case will be to determine the number of violations and fix the amount of actual damages suffered by the United States, if any."); *United States ex rel. Schaefer v. Conti Medical Concepts, Inc.*, Civ. No. 04-400, 2009 WL 5104149, at *8 (W.D. Ky. Dec. 17, 2009) (excluding testimony "that under the FCA any actual damages award will be trebled, civil penalties will be imposed and the restitution award will be used to offset damages" as "[t]hese issues will not be helpful to the jury"). "The application of statutory penalties and

trebling of damages are mechanical actions for the Court alone." *Miller,* 2007 WL 851868, at

*2.  As Judge Holtzoff of this District put it over sixty years ago in an analogous context, there is

a risk that a jury could use knowledge of the trebling of damages and statutory penalties "as an

intimation to keep the damages at a low level, in view of the fact that the amount allowed by the

jury would be multiplied by three." *Webster Motor Car Co. v. Packard Motor Car Co.,* 135 F.

Supp. 4, 11 (D.D.C. 1955) (Holtzoff, J.), *rev'd on other grounds*, 243 F.2d 418 (D.C. Cir. 1957).

"This would have tended to defeat the purpose of the Act of Congress." *Id.*  Indeed, as Judge

Lamberth of this Court explained a decade ago, "if a jury were to reduce its damages assessment

because of its awareness of penalties and trebling, it would thwart important goals of the FCA"

as the "FCA seeks first to make the government whole, and it is well recognized that some

component of a treble damages award in an FCA case is compensatory, covering the costs of

investigation, detection, and prosecution, prejudgment interest, the consequential damages of

fraud, and the costs of enticing relators to bring suit, all of which are implicated in FCA cases but

none of which are otherwise provided for in the statutory scheme." *Miller*, 2007 WL 851868, at

*2.

　　　　Finally, the Supreme Court has strongly implied that a jury in an FCA case should not be

instructed on the possibility of treble and civil penalties, writing that "under the FCA, the jury is

open to no such temptation [to increase or decrease a damages award]; if it finds liability, its

instruction is to return a verdict for actual damages, for which the court alone then determines

any multiplier, just as the court alone sets any separate penalty." *Cook County v. United States

ex rel. Chandler,* 538 U.S. 119, 131–32 (2003).  Further, the weight of authority in other contexts

strongly establishes a general rule that a jury should not be instructed as to trebling of damages,

attorneys' fees, or other court-determined awards that might alter a jury's damages finding. *See,*

*e.g.*, *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.,* 995 F.2d 425, 433 (3d Cir. 1993) (treble damages in an antitrust case); *Liquid Air Corp. v. Rogers,* 834 F.2d 1297, 1308 n. 7 (7th Cir. 1987) (statutory penalties in a RICO case).

      Accordingly, the Relator's motion is GRANTED.

      Date: September 20, 2017

                        _____

                        BERYL A. HOWELL
                        Chief Judge