**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>  *ex rel.* LOUIS SCUTELLARO, ) | |
| Plaintiff, ) | |
| v. ) | Case No.  10-cv-1094 (BAH) |
| CAPITOL SUPPLY, INC., ) | |
| Defendant. ) | |

**RELATOR'S RESPONSE TO HODKIN STAGE'S
<u>MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT CAPITOL SUPPLY</u>**

On January 2, 2018 Adam Hodkin and Hodkin Law Group, P.A., filed a motion to withdraw as counsel for Defendant Capitol Supply, Inc., citing D.C. Cir. LCvRs 7(m), 83.2(c) and 83.6(c), and "applicable law." Dkt. #179.  Mr. Hodkin has acted as lead counsel for Capitol Supply since June 19, 2014, when the Court granted his motion to appear *pro hac vice*.  Dkt. #179.  Prior to that, on February 21, 2013, Michael Bhargava, who sponsored Mr. Hodkin's *pro hac vice* motion for admission, entered his appearance on behalf of Capitol Supply, Inc. Dkt #25.  It appears that once the Court allowed Mr. Hodkin to proceed *pro hac vice*, Mr. Bhargava has not actively participated in this litigation; he did not appear at any of the depositions or hearings.  Moreover, aside from Mr. Nathan Pate and Mr. Hodkin's *pro hac vice* motions, the last pleading filed by Mr. Bhargava was Capitol Supply, Inc.'s Motion for Leave to File Amended Answer, dated July 15, 2014. Dkt #54.[1]  Subsequently, Mr. Hodkin's firm filed all pleadings on behalf of Capitol Supply,

---

[1] Mr. Pate withdrew from this Court on 5/23/2016.  Dkt. #122.

1

Inc. and served Mr. Bhargava with a copy, but Mr. Bhargava no longer appeared in the signature block of these pleadings.  Exhibit A.[2]

Mr. Bhargava has not filed a Motion to Withdraw.  However, it is not clear whether he or his firm have agreed to represent Capitol Supply, Inc. as lead counsel in the future, if Mr. Hodkin is permitted to withdraw as counsel.  Probably, whether Capitol Supply, Inc. can retain counsel to represent its interests in this matter going forward is an issue subject to the Bankruptcy proceedings.  In his motion, Mr. Hodkin did not assert that he expected Mr. Bhargava to step in and assume the role of lead counsel in this case.  Indeed, Mr. Hodkin did not directly refer to Mr. Bhargava.  Rather, he obliquely mentioned Mr. Bhargava, stating that "Capitol will have ample opportunity during the bankruptcy process to engage new counsel, and *has and has had other counsel who are or were of record whom Capitol can engage if necessary*."  Dkt. #180 (emphasis added).  This language suggests that even Mr. Hodkin is not certain whether Mr. Bhargava has agreed to continue to represent Capitol Supply.[3]  It would be reasonable to infer that Mr. Bhargava and his firm do not intend to represent Capitol Supply; otherwise Capitol Supply would not require "ample opportunity during the bankruptcy process to engage new counsel."[4]

---

[2] Exhibit A tabulates the number of docket entries filed by Mr. Bhargava (13) and the number filed by Mr. Hodkin (58).  In 57 of Mr. Hodkin's 58 filings, Mr. Bhargava is not a signatory to the filing and is merely included in the Certificate of Service.

[3] Mr. Hodkin also describes the relationship with his client, Capitol Supply, as "irretrievably broken; indeed, the two have not communicated in many months."  Dkt. #180.

[4] On December 29, 2017 Mr. Hodkin notified Relator and United States via email that Hodkin Stage intended to file a motion to withdraw "in the near future."  Exhibit B.  In that email, Mr. Hodkin explained that, "Given the pendency of the bankruptcy proceedings, in our view Capitol should have ample time to engage new counsel for the case if it successfully reorganizes through the bankruptcy process."  On January 2, 2018 Relator responded: "Given the complexity of the facts and issues in this matter, we cannot consent to your firm's withdrawal as counsel until Capitol Supply obtains new counsel who enters an appearance on its behalf."  The United States replied shortly after at 1:56p m., agreeing to consent on the condition that new counsel enter an appearance prior to withdrawal. Hodkin Stage did not reply to either response.  Instead, Capitol Supply's Counsel filed its motion to withdraw as attorney on January 2, 2018 at 2:13 p.m. received by the parties via Notice of Electronic filing.  Dkt # 179.

If the Court grants Mr. Hodkin's Motion to Withdraw, and the scope of Mr. Bhargava's representation does not extend to acting as lead counsel in these proceedings, then there is a distinct possibility that Capitol Supply, Inc. will be unrepresented, akin to a case familiar to this Court—*Alexian Brothers Medical Center v. Sebelius* 63 F. Supp. 3d 105 (D.D.C. 2014)—albeit with different factual nuances. In that case, plaintiffs, who were corporate litigants, retained counsel to file "a Complaint on behalf of corporate litigants solely to preserve their rights to seek judicial review while they sought to engage other counsel.'" 63 F. Supp. 3d at 106. There, Counsel filed the complaint then moved to withdraw. *Id.* at 106. To allow corporate litigants to find new counsel, this Court initially stayed the matter for sixty days. That period expired before new counsel entered an appearance on the litigants' behalf. *Id.*

This Court recognized that leaving a corporation without representation in a pending legal matter not only runs afoul of this Circuit's well-established precedent but also often leads to default judgement or dismissal. *Alexian Brothers,* 63 F. Supp. 3d at 108 (quoting *Lennon v. McClory,* 3 F. Supp. 2d 1461, 1462 n. 1 (D.D.C. 1998) ("A corporation cannot represent itself and cannot appear *pro se.* It must be represented by counsel or it will be treated as not having appeared at all, and default judgment may be entered against it"); *Rowland v. California Men's Colony,* 506 U.S. 194 (1993) (corporation may only appear in federal court through licensed counsel).[5] To avoid that result, the Court once again stayed the matter for a period of 23 days (from August 12 to September 4) allowing the corporate litigants yet another opportunity to hire an attorney of record. Further, the *Alexian Brother's* Opinion made clear that, in the event that the corporate litigants failed to find new counsel to enter an appearance or for counsel to withdraw his pending motion to withdraw by that date, the action would be dismissed. The Court concluded: *"the Court is not*

---

[5]   3 F. Supp. 2d 1461 n.1 (citing Rule 12(h) (3) (only dismissing complaint when a corporation is not properly served, which requires representation by licensed counsel of record, or when district court lacks jurisdiction).

*now prepared to grant the pending motion for withdrawal in the absence of the entry of the appearance of new counsel without granting the plaintiffs one final opportunity to locate successor counsel."* 63 F. Supp. 3d at 109 (emphasis added).

As the record stands, it is unclear both to this Court and to Relator who will assume the role of Capitol Supply's counsel should Mr. Hodkin withdraw.  Consistent with this Court's decision in *Alexian Brothers*, *supra*, Relator urges the Court to order Capitol Supply to clarify who will be acting as its counsel going forward by February 28, 2018.  To be clear, whether it is Mr. Bhargava or new counsel or Mr. Hodkin, any counsel acting on behalf of Capitol Supply must file appropriate Notice evidencing the intent to represent Capitol Supply as lead counsel and must enter a formal appearance to this Court.  Even though this matter is stayed pending the resolution of the Bankruptcy proceedings, an unrepresented corporation cannot advance or defend a matter in federal court without counsel.  *Id* at 108.[6]

DATE:  January 5, 2018

Respectfully submitted,

*/s/ H. Vincent McKnight, Jr.*
H. Vincent McKnight, Jr.
D.C. Bar No. 293811
vmcknight@sanfordheisler.com
Cleveland Lawrence III
D.C. Bar No. 480462
clawrence@sanfordheisler.com
**SANFORD HEISLER, LLP**
1666 Connecticut Avenue, N.W. Suite 300
Washington, D.C. 20009
Phone: 202-499-5211
Fax: 202-499-5199

---

[6] On October 6, 2017, the U.S. Government appealed the Southern District of Florida bankruptcy court's ruling on the automatic stay.  Thus, the possibility that the automatic stay could be lifted in short order and the trial before this Court may be re-scheduled sooner rather than later amplifies the importance of Capitol Supply having counsel who is up to speed on the matter before this Court.

John R. Thomas, Jr.
D.C. Bar No. 1027981
jthomas@gentrylocke.com
**GENTRY LOCKE**
900 SunTrust Plaza
P.O. Box 40013
Roanoke, Virginia  24022
Phone: 540-983-9300
Fax: 540-983-9400

*Counsel for Plaintiff-Relator*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF on this 5th day of January, 2018, on all counsel or parties of record on the Service List below.

## SERVICE LIST

**Darrell C. Valdez, Esquire**
**Daniel P. Schaefer, Esquire**
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, NW, Civil Division
Washington, D.C. 20530
darrell.valdez@usdoj.gov
daniel.schaefer@usdoj.gov

**Michael Bhargava, Esquire**
Chadbourne & Parke LLP
1200 New Hampshire Avenue, NW
Washington, DC 20036
Norton Rose Fulbright US LLP
1200 New Hampshire Avenue, NW
Suite 300
Washington, D.C. 20036
michael.bhargava@nortonrosefulbright.com

**Adam J. Hodkin, Esquire**
Hodkin Stage
54 SW Boca Raton Boulevard
Boca Raton, FL 33432
ahodkin@hswlawgroup.com

**Capitol Supply, Inc.**
c/o Robert Steinman, CEO
851 Broken Sound Parkway, Suite 280
Boca Raton, FL 33487
robert@capitolsupply.com

**Shraiberg, Landau & Page, P.A.**
Bradley S. Shraiberg, Esq.
Bernice C. Lee, Esq.
Attorneys for the Debtor
2385 NW Executive Center Dr., Suite 300
Boca Raton, FL 33431
bss@slp.law
blee@slp.law

**Marshall Socarras Grant, P.L.**
Counsel for Creditor, Hodkin Stage
197 South Federal Highway, Suite 200
Boca Raton, Florida 33432
Via U.S. Certified Mail